| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **FILED *EX PARTE* AND UNDER SEAL** |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 25-CR-10284-JEK-MPK |
| | ) | |
| (1) JIANXIONG CHEN, | ) | |
| (4) DECHAO MA, | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' MOTION FOR POST-INDICTMENT RESTRAINING ORDERS

The United States of America, by its attorney, Leah B. Foley, United States Attorney

for the District of Massachusetts, respectfully requests that this Court, pursuant to

18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853, endorse post-indictment Restraining Orders

against the Defendants, their agents, servants, employees, attorneys, family members, all

other persons in active concert or participation with him, and all persons in possession or

control of the following:

   a. The real property located at 76 Cochato Road, Braintree, MA 02184, including all buildings, appurtenances, and improvements thereon, described in a Massachusetts Quitclaim Deed recorded with the Norfolk County Registry of Deeds in Book 38798 Pages 162 and 163, and more fully described as a certain parcel of land with the buildings thereon on Cochato Road, Braintree, MA, being shown as Lot 3 on a plan of land entitled "Plan of Land #54 Cochato Road in Braintree, Massachusetts," dated June 7, 2019 and revised June 21, 2019, prepared by the Hoyte Land Surveying. Said plan is recorded with the Norfolk County Registry of Deeds as Plan #833 of 2019 in Plan Book 686, Page 46;[1]

   b. The real property located at 131 Hannah Niles Way, Braintree, MA 02184, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded with Norfolk County Land Court in Document Number 1,477,961, and Certificate Number 205122; [2]

---

[1] Defendant Jianxiong Chen is listed on the deed as an owner of this real property.

[2] Defendant Dechao Ma is listed on the deed as an owner of this real property.

(collectively, the "Real Properties").

On July 2, 2025, a federal grand jury sitting in the District of Massachusetts returned a two-count Indictment, charging the defendants Jianxiong Chen, and Dechao Ma, (the "Defendants"), among others, with Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute Marihuana, in violation of 21 U.S.C. § 846 (Count One); Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two), Money Laundering; Aiding and Abetting, in violation of 18 U.S.C. §§ 1957 and 2 (Counts Three through Twenty One), and Bringing Aliens to the United States; Aiding and Abetting, in violation of 8 U.S.C. § 1324(a)(2); 18 U.S.C. § 2 (Count Twenty-Two)[3]

The Indictment included a money laundering forfeiture allegation notifying the Defendant that the United States intended to seek forfeiture, upon conviction of the Defendants of the offenses alleged in Counts Two through Twenty-One of the Indictment, of any property, real or personal, involved in such offenses, and any property traceable to such property pursuant to 18 U.S.C § 982(a)(1). Such properties specifically include, but not limited to, the Real Properties.

The forfeiture allegation also provided notice that, in the event that any property subject to forfeiture, as a result of any act or omission by the Defendants, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty,

---

[3] Defendant Dechao Ma is charged with Counts One, Two, Sixteen and Seventeen in the Indictment, while Defendant Jianxiong Chen is charged with Counts One, Two, Three through Thirteen, and Count Twenty Two in the Indictment.

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendants, up to the value of such property.

The Indictment also included a drug forfeiture allegation, notifying the Defendants that the United States intended to seek forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense pursuant to 21 U.S.C. § 853. Such properties specifically include, but not limited to, the Real Properties.

The forfeiture allegation also provided notice that, in the event that any property subject to forfeiture, as a result of any act or omission by the Defendants, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), and to seek forfeiture of any other property of the Defendants, up to the value of such property.

The Indictment also included an alien smuggling forfeiture allegation, notifying the Defendant that the United States intended to seek forfeiture, upon conviction of the Defendant of the offense alleged in Count Twenty Two of the Indictment, of all conveyances, including vessels, vehicles, and aircraft, used in the commission of the violation, all property, real and personal, that constitutes or is derived from or is traceable to proceeds obtained directly or

indirectly from the commission of the offense, and all property, real or personal, that was used to facilitate or was intended to be used to facilitate the commission of the offense, pursuant to 18 U.S.C. § 982(a)(6), and 28 U.S.C. § 2461(c). Such properties specifically include, but not limited to, the Real Properties.

The forfeiture allegation also provided notice that, in the event that any property subject to forfeiture, as a result of any act or omission by the Defendants, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the Defendants, up to the value of such property.

The proposed Restraining Orders, submitted herewith, would restrain all such persons with notice of the Restraining Order from transferring, encumbering, hypothecating, spending, disposing of, alienating, concealing, dissipating or completing any action that would affect or diminish the marketability or value of the Real Properties without prior approval of this Court upon notice to the United States, and an opportunity for the United States to be heard.

As set forth in the memorandum of law submitted herewith, the United States is entitled to a restraining order to preserve the *status quo* of the Real Properties and to secure the continued availability of the Real Properties for forfeiture upon the Defendants conviction.  If the Real Properties are not restrained, there is a substantial risk that they will

4

be transferred, encumbered, dissipated, or otherwise made unavailable for forfeiture at the conclusion of this case.

WHEREFORE, for these reasons and the reasons set forth in the United States' Memorandum in Support of its *Ex Parte* Motion for Post-Indictment Restraining Orders, the United States requests that this Court enter the restraining orders in the form submitted herewith.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney,

By:     /s/ *Brendan T. Mockler*
        CHRISTOPHER POHL
        BRENDAN T. MOCKLER
        Assistant United States Attorneys
        United States Attorney's Office
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3100
Date:   July 9, 2025          brendan.mockler@usdoj.gov