UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **FILED *EX PARTE* AND UNDER SEAL** |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 25-CR-10284-JEK-MPK |
| | ) | |
| (4) DECHAO MA, | ) | |
| | ) | |
| Defendant. | ) | |

## RESTRAINING ORDER

**KOBICK, D.J.**

Upon consideration of the United States' *Ex Parte* Motion for a Post-Indictment

Restraining Order, and pursuant to 21 U.S.C. § 853(e)(1)(A), the Court finds and rules as follows:

1.      On July 2, 2025, a federal grand jury sitting in the District of Massachusetts

returned a twenty two-count Indictment, charging the defendant Dechao Ma, (the "Defendant"),

among others, with Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute

Marihuana, in violation of 21 U.S.C. § 846 (Count One); Money Laundering Conspiracy, in

violation of 18 U.S.C. § 1956(h) (Count Two); and Money Laundering; Aiding and Abetting, in

violation of 18 U.S.C. §§ 1957 and 2 (Counts Sixteen and Seventeen).

2.      The Indictment included a money laundering forfeiture allegation notifying the

Defendant that the United States intended to seek forfeiture, upon conviction of the Defendant of

the offense alleged in Count One of the Indictment of any property, real or personal, involved

in such offense, and any property traceable to such property pursuant to 18 U.S.C § 982(a)(1).

The property to be forfeited specifically includes, but not limited to:

> a.  The real property located at 131 Hannah Niles Way, Braintree, MA 02184, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded with Norfolk County Land Court in Document Number 1,477,961, and Certificate Number 205122 (the "Real Property");

3.  The Indictment also included a drug forfeiture allegation, notifying the Defendant that the United States intended, upon conviction of the Defendant of the offenses alleged in counts Two, Sixteen and Seventeen of the Indictment to seek forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense pursuant to 18 U.S.C. § 982(a)(2). The property to be forfeited specifically includes, but not limited to the Real Property.

4.  The United States has moved, *ex parte*, for a restraining order, pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853, to preserve the *status quo* and to prevent the Defendant and all other persons with notice of this Order from removing, transferring, dissipating, alienating, encumbering, or otherwise disposing of the Real Property.

5.  There is reasonable cause for entry of this Order.  The Indictment has established probable cause that the Real Property sought to be restrained would be subject to forfeiture to the United States upon the Defendant's conviction.  The Court further concludes that a Restraining Order is necessary to preserve the availability of the Real Property for forfeiture in the event of the Defendant's conviction.

It is hereby ORDERED that this Restraining Order issue with respect to the Real Property.

It is further ORDERED that the Defendant, their agents, servants, employees, attorneys, family members, companies owned by the Defendant and their agents, and all other persons in active concert or participation with the Defendant, and those persons, financial institutions, or other entities who have any possession, interest or control over the Real Property subject to this Order, shall not, without prior approval of this Court, upon notice to the United States and an opportunity for the United States to be heard:

2

a) alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, hypothecate, spend, dispose of, or remove equipment from the Real Property, in any manner, directly or indirectly, or complete any action that would affect or diminish the marketability of the Real Property;

b) cause the Real Property to be alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner; or

c) take, or cause to be taken, any action which could have the effect of concealing the Real Property, removing the Real Property from the jurisdiction of this Court, or damaging, depreciating, or diminishing the value of, the Real Property.

The Defendant is hereby placed on notice that if the Real Property are transferred, dissipated, or disposed of by any means, and without approval of this Court, the Court may require the Defendant to account to the Court for the disposition and location of the Real Property, and any proceeds traceable thereto.

It is further ORDERED that the record owners of the Real Property are required to maintain the present condition of the Real Property, including timely payment of all mortgage payments, insurance, utilities, taxes, and assessments until further order of this Court.

It is further ORDERED that anyone holding a mortgage or lien on the Real Property shall respond promptly to requests by the United States for information on said mortgages or lien's current status.

The United States, or its agents, shall serve this Order upon the Defendant and shall provide due notice of the Order to other persons and entities subject to the Order.

It is further ORDERED that such persons and entities, upon receipt of such notice, which may be provided by facsimile transmission, shall fully comply with the terms of this Order immediately upon such receipt.

This Order shall remain in effect until further order of the Court.

APPROVED AND SO ORDERED:

_____
JULIA E. KOBICK
United States District Judge

Dated: _____, 2025

4