| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED *EX PARTE* AND UNDER SEAL** |
| | ) | |
| | ) | |
| v. | ) | Case No. 25-CR-10284-JEK-MPK |
| | ) | |
| (1) JIANXIONG CHEN, | ) | |
| (4) DECHAO MA, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF
APPLICATION FOR POST-INDICTMENT RESTRAINING ORDERS**

The United States of America, by its attorney, Leah B. Foley, United States Attorney

for the District of Massachusetts, respectfully submits this memorandum of law in support of

its Application for Restraining Orders pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853.

The United States seeks to forfeit the following properties:

a. The real property located at 76 Cochato Road, Braintree, MA 02184, including all buildings, appurtenances, and improvements thereon, described in a Massachusetts Quitclaim Deed recorded with the Norfolk County Registry of Deeds in Book 38798 Pages 162 and 163, and more fully described as a certain parcel of land with the buildings thereon on Cochato Road, Braintree, MA, being shown as Lot 3 on a plan of land entitled "Plan of Land #54 Cochato Road in Braintree, Massachusetts," dated June 7, 2019 and revised June 21, 2019, prepared by the Hoyte Land Surveying. Said plan is recorded with the Norfolk County Registry of Deeds as Plan #833 of 2019 in Plan Book 686, Page 46.;[1] and

b. The real property located at 131 Hannah Niles Way, Braintree, MA 02184, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded with Norfolk County Land Court in Document Number 1,477,961, and Certificate Number 205122;[2]

(collectively, the "Real Properties").

---

[1] Defendant Jianxiong Chen is listed on the deed as an owner of this real property.

[2] Defendant Dechao Ma is listed on the deed as an owner of this real property.

To preserve the *status quo* with respect to the Real Properties, while the case is pending, the United States now seeks an order restraining the transfer, alienation, concealment, or dissipation of the Real Properties.

As set forth in more detail below, the applicable forfeiture statutes expressly authorize this Court to issue a restraining order where, as here, the United States seeks to restrain property after an Indictment has been returned.

### Procedural Background

On July 2, 2025, a federal grand jury sitting in the District of Massachusetts returned a two-count Indictment, charging the defendants Jianxiong Chen, and Dechao Ma, (the "Defendants"), among others, with Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute Marihuana, in violation of 21 U.S.C. § 846 (Count One); Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two), Money Laundering; Aiding and Abetting, in violation of 18 U.S.C. §§ 1957 and 2 (Counts Three through Twenty One), and Bringing Aliens to the United States; Aiding and Abetting, in violation of 8 U.S.C. § 1324(a)(2); 18 U.S.C. § 2 (Count Twenty-Two)[3].

The Indictment included a money laundering forfeiture allegation notifying the Defendant that the United States intended to seek forfeiture, upon conviction of the Defendants of the offenses alleged in Counts Two through Twenty-One of the Indictment, of any property, real or personal, involved in such offenses, and any property traceable to such property pursuant to 18 U.S.C § 982(a)(1). Such properties specifically include, but not limited to, the Real Properties.

---

[3] Defendant Dechao Ma is only being charged with Counts One, Two, Sixteen and Seventeen of the Indictment while Defendant Jianxiong Chen is being charged with Counts One through Thirteen, and Count Twenty-Two of the Indictment.

The Indictment also included a drug forfeiture allegation, notifying the Defendants that the United States intended to seek forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense pursuant to 21 U.S.C. § 853. Such properties specifically include, but not limited to, the Real Properties.

The Indictment also included an alien smuggling forfeiture allegation, notifying the Defendant[4] that the United States intended to seek forfeiture, upon conviction of the Defendant of the offense alleged in Count Twenty Two of the Indictment, all conveyances, including vessels, vehicles, and aircraft, used in the commission of the violation, all property, real and personal, that constitutes or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offense, and all property, real or personal, that was used to facilitate or was intended to be used to facilitate the commission of the offense, pursuant to 18 U.S.C. § 982(a)(6), and 28 U.S.C. § 2461(c). Such properties specifically include, but not limited to, the Real Properties.

**<u>Legal Analysis</u>**

To preserve the *status quo* while this case is pending with respect to the Real Properties, which is identified as directly forfeitable in the Indictment, the United States now seeks Restraining Orders, restraining the transfer, alienation, concealment, or dissipation of the Real Properties. As set forth in more detail below, the applicable forfeiture statutes expressly authorize this Court to issue such restraining orders. *See* 21 U.S.C. § 853(e)(1)(A).

---

[4] Only Defendant Jianxiong Chen is being notified for this Forfeiture Allegation.

**A.** **What is Forfeitable**

The forfeiture statutes applicable in this case are 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853, 18 U.S.C. § 982(a)(6), and 28 U.S.C. § 2461(c).  Pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is entitled to forfeit any property, real or personal, involved in such offense, and any property traceable to such property; and any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.  Pursuant to 21 U.S.C. § 853 and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is entitled to any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.  Pursuant to 18 U.S.C. § 982(a)(6), and 28 U.S.C. § 2461(c), the United States is entitled to all conveyances, including vessels, vehicles, and aircraft, used in the commission of the violation, all property, real and personal, that constitutes or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offense, and all property, real or personal, that was used to facilitate, or was intended to be used to facilitate the commission of the offense.  As evidenced by the return of the Indictment, a Grand Jury has found probable cause to believe that the Real Properties are property, real or personal, involved in such offense, and any property traceable to such property; and any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

**B.      Post-Indictment Restraint**

Any property subject to forfeiture under the applicable forfeiture statutes may be restrained pre-trial or during the pendency of a forfeiture ancillary proceeding. *See United States v. Balsiger*, No. 07–CR–57, 2015 WL 5158692, \*11 (E.D. Wisc. Sept. 2, 2015) (pretrial restraint, including a *lis pendens* on property to preserve it for forfeiture does not violate the Fifth Amendment or Sixth Amendment, even if the assets would otherwise be used to pay a defendant's legal fees); *United States v. Hailey*, Criminal No. 11–CR–0540–WDQ, 2011 WL 5386328, \*1 (D. Md. Oct. 31, 2011) (restraining defendant and his wife from spending any funds traceable to conduct alleged as a fraud scheme, except for "food, shelter and medical attention"); *United States v. Schlotzhauer*, No. 06-00091-01/03-CR-W-GAF, 2008 WL 320717, \*11 (W.D. Mo. 2008) (where indictment sought, and statute authorized, forfeiture of both proceeds and facilitating property, restraining order need not be limited to the dollar value of the proceeds set forth in the indictment but may include property forfeitable as facilitating property as well); *United States v. Madoff*, No. 09 Cr. 213(DC), 2009 WL 1055792 (S.D.N.Y. Apr. 20, 2009), \*1-2 (setting forth text of order restraining everything defendant and his wife owns).

This Court has authority to issue a restraining order without a hearing. *See* 21 U.S.C. 853(e)(2) ("A temporary restraining order under this section may be entered upon application of the United States without notice or opportunity for a hearing when an information or indictment has not yet been filed with respect to the property, if the United States demonstrates that there is probable cause to believe that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture . . . and that provision of notice will jeopardize the availability of the property for forfeiture."); *see also United States v. Holy Land Found. for Relief & Dev.*, 493 F.3d 469, 475 (5th Cir. 2007) (en banc) ("a court may issue a restraining order without prior notice or a hearing"); *United States v. Monsanto*, 924 F.2d 1186, 1193 (2d

Cir. 1991) ("notice and a hearing need not occur before an ex parte restraining order is entered pursuant to section 853(e)(1)(A)") (abrogated on other grounds); *United States v. Bissell*, 866 F.2d 1343, 1352 (11th Cir. 1989) (same); *United States v. Jamieson*, 427 F.3d 394, 405-06 (6th Cir. 2005) (restraining order may be entered upon the filing of the indictment; post-restraint hearing under the *Jones-Farmer* rule is sufficient to protect defendant's right to due process).

The issuance of a pre-trial restraining order is not discretionary. If the United States establishes a probable cause basis that the property is subject to forfeiture, the Court **must** enter the restraining order. *United States v. Monsanto*, 491 U.S. 600, 612-13 (1989) (the word "may" in section 853(e) means only that the district court may enter a restraining order if the Government requests it, but not otherwise, and that it is not required to enter the order if a bond or other means exists to preserve the property; it "cannot sensibly be construed to give district court[s] discretion to permit the dissipation of the very property that section 853(a) requires to be forfeited upon conviction").

Under the statutory scheme of 21 U.S.C. § 853(e), as incorporated in this case by 28 U.S.C. § 2461(c), whether or not a restraining order is temporary turns on whether an indictment has been returned or information filed. Under 21 U.S.C. § 853(e)(1)(B), a temporary (up to 90 days) restraining order obtained with notice to persons appearing to have an interest in the property sheds its expiration date if an indictment is returned. *See* 21 U.S.C. § 853(e)(1)(B)(ii) ("[A]n order entered pursuant to subparagraph (B) shall be effective for not more than ninety days, unless extended by the court for good cause shown or <u>unless an indictment or information</u> . . . <u>has been filed.</u>") (emphasis added). Therefore, the filing of an indictment allows issuance of a restraining order with no time limitations *or* the conversion of a pre-indictment temporary restraining order into a permanent one. In addition, the statutory provisions that govern applications for pre-indictment temporary restraining orders specifically

state whether or not notice is required and the ramifications thereof (*i.e.*, 90-day time limitation versus a 14-day limitation). *See* 21 U.S.C. §§ 853(e)(1)(B) and 853(e)(2). In contrast, the statutory provision that governs post-indictment restraining orders contemplates *ex parte* applications because it does not mandate notice. *See* 21 U.S.C. § 853(e)(1)(A). *See also Nken v. Holder,* 556 U.S. 418, 426 (2009) ("[S]tatutory interpretation turns on 'the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'"), citing *Robinson v. Shell Oil Co.,* 519 U.S. 337, 341 (1997); *see United States v. Jones*, 160 F.3d 641, 647-49 (10th Cir. 1998) (pre-trial restraints may be imposed *ex parte*); *United States v. Jenkins*, 974 F.2d 32, 35-36 (5th Cir. 1992) (no due process violation occurred where a post-indictment restraining order was entered *ex parte*); *United States v. Monsanto*, 924 F.2d 1186, 1192-93 (2d Cir. 1991) (unanimous *en banc* court, on remand from Supreme Court case cited in text, *infra*, concludes that strong government interests and exigent circumstances in forfeiture context justify imposition of pre-trial restraints without pre-restraint hearing).

Moreover, unlike 21 U.S.C. § 853(e)(1)(B), which permits restraint of assets prior to indictment only upon a showing by the United States of a substantial probability (i) that the United States will prevail on the issue of forfeiture; (ii) that failure to enter the order will result in loss of the property for forfeiture; and (iii) that the need to preserve the assets outweighs the hardship on any party affected by the order, a restraining order after the filing of an indictment, like the one that the United States now seeks, requires only a showing of probable cause to believe that the assets to be restrained are forfeitable. *See United States v. Monsanto*, 491 U.S. 600, 615-16 (1989) ("[I]t would be odd to conclude that the Government may not restrain property . . . based on a finding of probable cause, when we have held that (under appropriate circumstances), the United States may restrain *persons* where there is a finding of probable cause to believe that the accused has committed a serious offense").

In the case at bar, the United States included the Real Properties in the forfeiture allegation of the Indictment as properties directly forfeitable to the United States and the Grand Jury found probable cause and returned the Indictment. The Real Properties are subject to forfeiture pursuant 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, 18 U.S.C. § 982(a)(6) and 28 U.S.C. § 2461(c). Accordingly, this Court has the authority to issue both a restraining order and *lis pendens* against the Real Properties to prevent the transfer and/or dissipation of the Real Properties pending the adjudication of any third-party interests.

**CONCLUSION**

To preserve the *status quo* with respect to the Real Properties, the United States requests that the Court allow its Motion for Post-Indictment Restraining Orders and issue the proposed Orders filed herewith.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney,


By:    /s/  *Brendan T. Mockler*
CHRISTOPHER POHL
BRENDAN T. MOCKLER
Assistant United States Attorneys
United States Attorney□s Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
brendan.mockler@usdoj.gov

Date:  July 9, 2025